WILLIAM W. ACKERSON v. THE ERIE RAILWAY COMPANY.

Where a railroad company adopts all rules and regulations needful for the safety of passengers and employs competent agents, whose duty it is to see that these rules and regulations are observed, the company, in case of injury to a passenger, happening by reason of the failure of an agent to perform his duty, cannot be held liable for punitive damages.

In case. On rule to show cause, &c.

The plaintiff brought suit in the Circuit Court of Passaic county, to recover damages of the defendants, for injuries sustained while traveling in their cars, owing to carelessness or negligence on their part.

Upon the trial of the cause, after the evidence had been heard, the judge charged the jury as follows:

This action is brought to recover damages for injuries received by the plaintiff on the sixth day of November, 1864, by reason of the cars of the defendants running off the track, down an embankment, at Callicoon, in New York state. It proceeds upon the ground that there was negligence or carelessness on the part of the defendants. In this case, if there was any negligence or carelessness on their part, the plaintiff is entitled to recover; that is the strict rule of law, and is adopted for the protection of human life. There are only two questions upon which I deem it necessary to charge you—

*First.* The liability of the defendants.

*Second.* The mode of estimating damages.

There seems to be no question as to how the accident occurred. The train was thrown off the track by the misplacement of the switch. The facts generally, show that the stock train preceded the express train, and at Callicoon moved upon the side track through the westwardly switch. After going through, the engine was detached from the train, and moved through the easterly switch upon the main track, and backward towards the west to the water tank, nearly or about opposite the depot; it there took in water, and then joined its train, returning through the easterly switch. It also appears, from the testimony of the engineer, that the engine had returned to its train thirty-five minutes before the express train came on; during that whole time the switch was misplaced. Neither the conductor, the switchman, or station agent, or any one else for that length of time, put it in its place. The court is asked to charge, that if the brakeman had, by the rules of the company, no

right to move the switch, and did move it, and leave it so, that the defendants are not liable. I decline so to charge. Without further detailing the facts set up in the defence, for there seems to be no controversy as to what is proved, but taking them as testified to, and in order to dispose of this whole question of liability, as it is one of law in this case, I charge you, that the defendants have shown no facts that would justify you in relieving them entirely from responsibility. The facts proved by the defendants do not amount to a complete defence in law, and the plaintiff is therefore entitled to recover some damages. The embarrassing question for you is the damages. The liability of the company in this case proceeds upon the ground of the negligence or carelessness of its subordinate agents. The damages are a matter of sound discretion and judgment with you. They must be the natural and necessary result of the injury. They should not be merely conjectural, nor estimated out of any undue sympathy for the plaintiff, or prejudice against the company. Remember that the estimate should be made under a sound discretion and judgment. In these cases there is always an embarrassment, owing to the absence of any certain rule of law to guide you. In actions for breach of contract, or in trespasses to land or property, there is usually some reasonably definite rule. In this case, the best that can be required of you is the exercise of a cool, judicious mind. The plaintiff is entitled to recover all the present and prospective damages resulting naturally and necessarily from the injury. You have a right to consider in the estimate the effect of the injury upon the plaintiff's health, the use of his arm, his ability to labor and attend to business, the expense of medical attendance, treatment, nursing, loss of time, and such other expenses as necessarily result from the injury. You must take him as he is. You must not suppose that he cannot make anything hereafter. He may, with one arm, or his remaining physical and mental powers, keep a store, or engage in various other employments, from which he could make something. Men may lose an eye, a leg, or an

arm, and yet be able to do some business.  You can consider the ability he may have, with his remaining physical health and powers, to attend to business, by way of aiding you to see the extent of the permanent injury he has sustained by the loss of the use of his arm.  The question is not what would you take to run such a risk and receive such an injury?  That rule would affect seriously many of the business interests of the country.  You must find out what damages he has sustained, and he is entitled to recover all such as you think, in the fair exercise of your judgment, necessarily result from his injuries.  I do not intend to interfere with you in that.  It has been suggested, that he ought to receive such a sum as would give him so much interest every year.  That is not a fair mode as suggested, for he would get the interest and the fifty thousand dollars too, if that was the sum.  If you should conclude that the permanent injuries affected his ability a certain sum a year, and should desire to calculate therefrom, it might be done by getting the present value of it during his life, according to tables which are prepared to calculate the present value of estates in dower and life annuities.  For instance, taking the plaintiff to be twenty-eight years of age, as appears in the case, and suppose you should say it affected him permanently three hundred dollars a year; I take that amount only to illustrate.  The question would then be, what would be the present value of three hundred dollars a year during his life.  According to the table, the present value of one dollar a year, at twenty-eight years of age, would be $13\frac{82}{1000}$ dollars, and three hundred dollars a year would be three hundred times that, making three thousand nine hundred and fifty-four dollars and sixty cents.  If you considered him injured permanently, one, two, three, or five hundred dollars a year, the calculation could be made the same way.  This calculation is at six per cent., and at seven per cent., as the law now is, you would reduce the amount one-sixth.  This calculation is based upon the idea of ability to work up to the ordinary period of life embraced in the table, and it

would be proper for you to consider that, if you choose, in the calculation. That may be a judicious mode of calculating the permanent injury. This is a mere suggestion, and the court does not intend by it to interfere with such a basis as you, in exercising a fair discretion, think fit to adopt. Take these suggestions, and do as you think best with them. It is sometimes the case, that juries give increased damages, by reason of the gross character of the negligence or the mismanagement, and within a prudent judgment the verdict would not be interfered with, but to justify you in going beyond what would be compensatory damages to the plaintiff, you should be convinced that there was flagrant misconduct or negligence on the part of the company—not merely the subordinates. The neglect or mismanagement by the company should be so gross as to make it necessary, for the good of the public, to impose smart money. This is a dangerous and delicate power to exercise, and should be controlled by some rule of law. The negligence complained of in this case was by the subordinate agents of the company, who, if guilty, could be indicted, and the rights of the public in that way vindicated. The cause of the accident was not in not having men there whose duty it was to prevent it, but the men were there and they, or some of them, omitted to do their duty. If it was one of those neglects which might occur on a large road, in the employment of many men, and doing a large business, without gross fault in the management of the company, you should not allow damages outside of what the plaintiff has sustained. It is fair to say, that this case is not one that requires at your hands a verdict for the plaintiff for more damages than he has sustained. The court thinks this is not a case which requires smart money.

Do in this case what you think is just, both to the plaintiff and the company, and give such a verdict as will satisfy your consciences and judgment.

The jury rendered a verdict for the plaintiff, and assessed his damages at eight thousand five hundred dollars.

Ackerson v. Erie Railway Co.

A rule to show cause, &c., having been granted, the defendants filed the following reasons for setting aside the verdict, viz. :

*First.* Because the verdict of the jury was against the weight of the evidence.

*Second.* Because the verdict of the jury was against the charge of the court.

*Third.* Because the jury gave excessive damages for the said plaintiff against the said defendants.

*Fourth.* Because the justice of the Supreme Court, before whom the cause was tried, should have non-suited the plaintiff for the reasons assigned.

*Fifth.* Because there was a variance between the declaration and the proof, and no amendment was made in the declaration to correspond with the proof.

*Sixth.* Because the said plaintiff improperly and unlawfully influenced the verdict of the jury, by publications touching the questions in issue in the said cause, in the Paterson Daily Guardian, a newspaper printed and published at Paterson, where the said cause was tried, and which publications were made, and read by some of the jury before the verdict was rendered.

*Seventh.* Because illegal evidence was admitted in favor of the plaintiff and against the said defendants.

*Eighth.* Because the verdict should have been for the defendants, not for the plaintiff.

The rule was argued before the CHIEF JUSTICE, and Justices BEDLE and DALRIMPLE.

For the rule, *I. W. Scudder* and *J. F. Randolph.*

Contra, *A. B. Woodruff.*

The opinion of the court was delivered by

DALRIMPLE, J. On the sixth day of November, 1864, the plaintiff, while a passenger in the cars of the defendants,

received a personal injury, for which he brings this suit. The cars were thrown from the track at Callicoon, in the state of New York, by the misplacement of the switch there. The plaintiff's injuries were serious and permanent. The cause was tried at the Passaic Circuit, and a verdict rendered for the plaintiff for eight thousand five hundred dollars. A rule to show cause was granted, on motion of the defendants. They complain that the damages awarded are excessive. On this ground alone the court is asked to set aside the verdict. No error in the rulings of the judge before whom the cause was tried, is alleged.

It appeared on the trial, that the defendants had adopted all needful rules and regulations for the running of their trains, and had employed competent persons as tenders of the switch at which the accident occurred. No care or caution required for the safety of the passengers had been omitted by the company. Through the carelessness and disobedience of their agents the accident happened. After a careful review of the testimony, I have come to the conclusion that the verdict cannot be supported, except upon the ground that the plaintiff is entitled to vindictive damages.

The ruling of the judge, at the trial, was that the case was not one that authorized a verdict for more damages than were actually sustained. I am satisfied that this ruling was correct, inasmuch as there was no attempt to prove any neglect of the company, as contradistinguished from its subordinate agents. In fact, the only fault or negligence complained of was that of the employés of the company. Where a railroad company adopts all rules and regulations needful for the safety of the passengers, and employs competent agents, whose duty it is to see that these rules and regulations are observed, I do not think that the company, in case of injury to the passengers, happening by reason of the failure of the agent to perform this duty, can be held liable for punitive damages. If, however, the company, as such, is in fault, a different rule applies. The company, for its own carelessness, may be justly held liable for smart

money. This rule does not prevail where the carelessness is only that of a subordinate agent. There is no justice in punishing the company after it has done all in its power to prevent injury. The agent, if guilty of negligence, may in certain cases be proceeded against by indictment. I cannot yield to the argument, so earnestly urged by the counsel of the plaintiff, that by construction of law, the company is guilty of gross negligence whenever its agent is, and is, therefore, to be treated the same as if through its own gross negligence the injury happened. I think the verdict was against the charge of the court, in that it is, to some extent at least, for punitive damages. Full compensation to the plaintiff, for all real loss, present and prospective, was the proper measure of damages. That having been exceeded, the verdict should be set aside and a new trial awarded. If, however, the plaintiff will remit the excess of the verdict above the sum of six thousand five hundred dollars, let judgment be entered thereon for that amount, at any time during the present term.

NOTE.—The plaintiff remitted the excess.